IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CEYLON DEREK BASS,

           Plaintiff,

    v.

CITY OF FREMONT, et al.,

           Defendants.

NO. C12-4943 TEH

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss filed by Defendants City of Fremont, Fremont Police Department, Police Chief Craig Steckler, and officers Jason Macciola and Chris Alberti. The Court heard oral argument on the motion on January 28, 2013. Having carefully considered the parties' written and oral arguments, the Court GRANTS IN PART and DENIES IN PART Defendants' motion.

**BACKGROUND**

The facts of this case, viewed in the light most favorable to Plaintiff Ceylon Derek Bass, are as follows: On February 22, 2012, at around 11:00 p.m., Fremont, California police officers Macciola and Alberti pulled over a vehicle driven by Bass. Bass is African American and Macciola and Alberti are Caucasian. Bass had not committed any crimes or infractions, but the officers justified the stop by falsely reporting that the left brake light on Bass's vehicle was not working and that Bass's vehicle registration was expired. The officers knew that the brake light worked and Bass's registration was current.

After the stop, Macciola and Alberti forced Bass out of his vehicle. When Bass told the officers that he had rights as a citizen, the officers searched Bass and his vehicle, shoved him, placed him in overly tight handcuffs, and accused him of being on or selling drugs.

Without conducting any field sobriety tests, the officers placed Bass under arrest for driving under the influence of a controlled substance in violation of California Vehicle Code § 23152(a). The officers transported Bass to the Fremont Jail. A urine sample taken from Bass at the jail tested negative for the presence of any illegal or controlled substance. On March 15, 2012, the Alameda County District Attorney informed Bass that he would not be prosecuted for driving under the influence.

On September 21, 2012, Bass filed a complaint in this Court. In his complaint, Bass sets out claims under 42 U.S.C. § 1983 and California state law arising out his arrest. He requests damages, statutory penalties, and injunctive relief. Defendants now move for dismissal of all of Bass's claims.

**LEGAL STANDARD**

Defendants move to dismiss Bass's complaint under Federal Rules of Civil Procedure 12(b)(1), for lack of standing, and 12(b)(6), for failure to state a claim. A complaint must contain "a short and plain statement" showing "the grounds for the court's jurisdiction" and "that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint may be dismissed under Rule 12(b)(1) if Plaintiffs do not carry their burden to sufficiently allege subject matter jurisdiction. Dismissal is appropriate under Rule 12(b)(6) when a complaint fails "to state a claim upon which relief can be granted." A claim will survive a motion to dismiss if the complaint's "non conclusory factual content, and reasonable inferences from that content" plausibly suggest that the plaintiff is entitled to the requested relief. *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Ashcroft v. Iqbal*, 555 U.S. 662 (2009)) (internal quotation marks omitted).

In ruling on a motion to dismiss, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non moving party." *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). However, "to be entitled to the presumption of truth, allegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to

give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id*. at 1216.

Unless amendment would be futile, leave to amend should be freely granted. Fed. R. Civ. P. 15(a)(2).

**DISCUSSION**

The Court will first address Bass's claims under 42 U.S.C. § 1983, and then turn to Bass's state law claims. Finally, the Court will address Bass's request for injunctive relief.

**I. Section 1983 claims**

Under section 1983, a person may bring an action against a government employee who, acting under color of law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Bass's complaint alleges that Defendants violated his rights under the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Bass does not oppose dismissal of his Eighth Amendment claim or his Fourteenth Amendment substantive due process claim, which are therefore DISMISSED with prejudice.

Bass does oppose dismissal of his section 1983 claim insofar as it is premised on allegations of wrongful arrest and excessive force in violation of the Fourth Amendment, retaliation in violation of the First Amendment, and violation of the Fourteenth Amendment's Equal Protection Clause. Bass also opposes dismissal of his claim that the City is liable for the officers' constitutional violations under *Monell v. Department of Social*

3

*Services*, 436 U.S. 658 (1978). Each of these grounds for section 1983 liability is discussed, in turn, below.

### A. Fourth Amendment Unreasonable Seizure

Defendants argue that the facts that Bass has alleged in his complaint do not support a claim that he was wrongfully stopped or arrested in violation of the Fourth Amendment. A traffic stop that is not based on reasonable suspicion violates the Fourth Amendment and forms the basis of a section 1983 claim. *See Haynie v. County of Los Angeles*, 339 F.3d 1071, 1075 (9th Cir. 2003). Bass's allegations that Macciola and Alberti pulled his vehicle over, even though he had not committed any crime or infraction, and filed a false report justifying the traffic stop sufficiently support his claim that the officers lacked reasonable suspicion.

An arrest without probable cause likewise violates the Fourth Amendment and gives rise to a claim for damages under section 1983. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1022 (9th Cir. 2008). A reasonable inference that Bass's arrest was not supported by probable cause may be drawn from the allegations that: the officers arrested Bass for driving under the influence without first conducting a field sobriety test; Bass's urine tested negative for the presence of alcohol or a controlled substance; and no charges were filed against him. Accordingly, Bass has stated a Fourth Amendment false arrest claim.

Defendants also argue that Bass's allegations do not support a Fourth Amendment excessive force claim. Although "not every push or shove . . . violates the Fourth Amendment," *Graham v. Connor*, 490 U.S. 386 (1989) (internal quotation marks and citation omitted), "where there is no need for force, any force used is constitutionally unreasonable," *Fontana v. Haskin*, 262 F.3d 871, 880 (9th Cir. 2001) (internal quotation marks and citation omitted). Taking the facts alleged in the complaint as true and drawing reasonable inferences in Bass's favor, there was no constitutionally permissible reason for the officers to shove Bass or to place him in overly tight handcuffs. Bass has therefore stated an excessive force claim.

4

Accordingly, Defendants' motion to dismiss is DENIED as to Bass's Fourth Amendment claims.

### B. First Amendment Retaliation

To state a claim for First Amendment retaliation, a complaint must show that (1) the defendant's action "would chill or silence a person of ordinary firmness from future First Amendment activities" and (2) the defendant's "desire to cause the chilling effect was a but for cause of the defendant's action." *Skoog v. County of Clackamas*, 469 F.3d 1221, 1232 (9th Cir. 2006) (internal quotation marks and citation omitted). Defendants do not dispute that a retaliatory arrest or search and seizure would have the requisite chilling effect. *See Ford v. City of Yakima*, No. 11-35319, __F.3d__, 2013 WL 485233 (9th Cir. Feb. 8, 2013). Defendnants argue that Bass's allegations are insufficient to show that Macciola and Alberti desired to chill Bass's speech. The temporal proximity between Bass informing the officers that he had rights as a citizen and the officers' search and arrest of Bass, together with the alleged lack of probable cause for the arrest, permits a reasonable inference that the officers desired to chill his speech. Likewise, it is reasonable to infer that had Bass not verbally challenged Macciola and Alberti, they would not have arrested Bass, shoved him, or fastened his handcuffs too tightly. Accordingly, Bass has sufficiently alleged that the officers' actions were motivated by a desire to retaliate against him for his assertion that he had rights as a citizen. Defendants' motion to dismiss is therefore DENIED as to Bass's First Amendment retaliation claim.

### C. Fourteenth Amendment Equal Protection

Defendants move to dismiss Bass's section 1983 equal protection claim as insufficiently pled. To make out an equal protection claim, Bass must allege facts showing that: (1) Defendants acted with intent to discriminate against him based on membership in a protected class, and (2) Defendants' action had a discriminatory effect. *See The Comm. Concerning Community Improvement v. City of Modesto*, 583 F.3d 690, 702-03 (9th Cir. 2009). Bass argues that it is reasonable to infer that the officers intended to discriminate against him based on his allegations that he is African American, all of the named

5

Defendants are Caucasian, and he was stopped and arrested without justification. However, without more, allegations that a plaintiff is "African American, the officer is white, and they disagree about the reasonableness of the traffic stop" are insufficient to "raise an inference of racial discrimination." *Bingham v. City of Manhattan Beach*, 341 F.3d 949 (2003). Moreover, to sufficiently plead discriminatory effect, Bass must identify a similarly situated class of individuals against which his experience can be compared. *See Lacey v. Maricopa County*, 693 F.3d 896, 920 (9th Cir. 2012). Bass has not done so. Accordingly, Bass's equal protection claim is DISMISSED without prejudice.

### D. *Monell* Claim

To state a section 1983 claim against a municipal government entity, a plaintiff must allege facts sufficient to show that the alleged constitutional violations were carried out pursuant to the entity's policy, custom, or practice. *Monell*, 436 U.S. at 694; *A.E. ex rel Hernandez v. County of Tulare*, 666 F.3d 631, 637 38 (9th Cir. 2012). Failure to act, including failure to train, may give rise to a *Monell* claim when "through its omissions the municipality is responsible for a constitutional violation committed by one of its employees." *Waggy v. Spokane County*, 594 F.3d 707, 713 (9th Cir. 2010) (internal quotation marks and citation omitted). A municipal policy "may be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded." *Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005) (internal quotation marks and citation omitted).

In support of his municipal liability claim, Bass alleges that prior to Bass's arrest, Steckler, the Police Department, and the City had been given notice that Macciola and Alberti were engaged in a pattern and practice of using unnecessary and excessive force and falsely reporting crimes, and that the municipal entities "demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary appropriate or adequate measure[s] to prevent the continued perpetuation of this pattern of conduct." Compl. at ¶¶ 40, 41 (Docket No. 1). Bass further alleges that the municipal entities failed to adequately train the officers "in the necessity of having probable cause to

6

detain, arrest or charge a citizen (such as Plaintiff) with a crime or infraction, and to further refrain from discriminating against African American citizens simply by virtue of their ethnicity and/or by virtue of a citizen's right to verbally confront and/or question the performance of a public official." *Id*. These allegations are plausible and are sufficient to give the municipal entities notice of the specific policies, customs, and practices that are alleged to have caused the deprivation of Bass's rights; Bass has therefore stated a claim for relief under *Monell*. *See A.E.*, 666 F.3d at 638. Accordingly, the Court DENIES the motion to dismiss Bass's section 1983 claims against the municipal entities.

## II. Claims under California Law

### A. California Civil Code § 52.1

Section 52.1 of the California Civil Code, which codifies the Tom Bane Civil Rights Act, provides a private right of action for damages against any person who "interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal. Civil Code § 52.1(b). Section 52.1 was intended to be a state law analogue to section 1983, Assembly Committee on the Judiciary, Bill Analysis, AB 2719 (as introduced February 25, 2000), but it differs from section 1983 in three important respects: it applies to private actors as well as to government agents, its liability is limited to violations of constitutional and statutory rights accomplished "by threats, intimidation or coercion," and there is no qualified immunity. *Venegas v. County of Los Angeles*, 153 Cal. App. 4th 1230, 1242-42 (2007).

Defendants contend that to state a valid claim under § 52.1, Bass must allege facts showing threats, intimidation or coercion separate and apart from his allegations of wrongful arrest or search; they move to dismiss Bass's section 52.1 claim on the ground that he has failed to do so. Defendants base their argument on *Shoyoye v. County of Los Angeles*, 203 Cal. App. 4th 947 (2012), in which the court of appeal rejected a Bane Act claim brought by a man who, due to a clerical error, was wrongfully detained for sixteen days after the charges

7

against him were dismissed. *Id*. at 950. The court in *Shoyoye* concluded that section 52.1 was not intended to redress harms "brought about by human error rather than intentional conduct," but rather that "where coercion is inherent in the constitutional violation alleged, i.e., an over detention in County jail, the statutory requirement of 'threats, intimidation, or coercion' is not met." *Id*. at 959.

Defendants urge upon the court a broad reading of *Shoyoye* – one that would, perversely, preclude any section 52.1 action in which the underlying statutory or constitutional violation involved "threats, intimidation, or coercion." This reading is contrary to the plain language of the statute, which specifically provides for a civil action based on interference with a right "by threats, intimidation, or coercion." Cal. Civil Code § 52.1(b).

A broad reading of *Shoyoye* is also contrary to *Venegas v. County of Los Angeles*, in which the California Supreme Court held that section 52.1 provides redress for "threats, intimidation, or coercion that interferes with a constitutional or statutory right," and accordingly, permitted a claim to proceed based on allegations of interference with the plaintiffs' right to be free from unreasonable searches and seizures. 32 Cal. 4th 820, 827, 843 (2004). The court pointed out that section 52.1 does not "extend to all ordinary tort actions" because it is predicated on the violation of a right enshrined in a statute or constitution, rather than the common law. *Id*.[1] Because the plaintiffs' allegations involved "unconstitutional search and seizure violations" and not "ordinary tort claims," they had stated a claim under section 52.1. *Id*.

---

[1] Concurring, Justice Baxter lamented that,

> [p]ragmatically speaking, the limitation in section 52.1 that the right being interfered with under section 52.1 be a right guaranteed by any state or federal law or constitutional provision is hardly a limitation at all. And although the proscribed conduct is further delineated by the requirement that it be delivered in the form of a threat, intimidation, or coercion, it should not prove difficult to frame many, if not most, asserted violations of any state or federal statutory or constitutional right, including mere technical statutory violations, as incorporating a threatening, coercive, or intimidating verbal or written component.

*Id*. at 850-51.

8

*Shoyoye* is best viewed as a carve-out from the general rule stated in *Venegas*. The key difference in the facts of the two cases is – as the *Shoyoye* court put it – that the constitutional violation in that case was brought about solely "by human error rather than intentional conduct." *Id*. at 959. In *Shoyoye*, the plaintiff's overdetention resulted from the negligent inaction of administrators, whereas in *Venegas*, the defendant officer engaged in a series of actions involving "threats, intimidation, or coercion" that resulted in the plaintiffs' unreasonable seizure and wrongful arrest.

The facts of the present case are much closer to those at issue in *Venegas* than in *Shoyoye*. Bass's alleged detention and arrest resulted from the officers' action, rather than their inaction. Likewise, in allegedly shoving Bass and using overly tight handcuffs to restrain him, the officers took affirmative actions involving "threats, intimidation, or coercion" that interfered with Bass's statutory and constitutional rights. Bass therefore has stated a claim under § 52.1, and Defendants' motion to dismiss is DENIED.

### B. California Civil Code § 51.7

Defendants argue that Bass's allegations are insufficient to support his claim under California Civil Code § 51.7, also known as the Ralph Civil Rights Act, which provides a civil action for damages resulting from "violence, or intimidation by threat of violence" based on "sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation." California Civil Code §§ 51.7 & 51. To state a claim under § 51.7, the facts alleged in the complaint must support a reasonable inference that the plaintiff's protected characteristic was a motivating reason for the defendant's conduct. *See Austin B. v. Escondido Union Sch. Dist*., 149 Cal. App. 4th 860, 880-81 (2007). Without more, an allegation that the plaintiff is a member of a protected class is insufficient to raise this inference. *See Arres v. City of Fresno*, 2011 WL 284971, at *27 (E.D. Cal. Jan. 26, 2011); *East v. City of Richmond*, No. C10-2392, 2010 WL 4580112, at *5 (N.D. Cal. Nov. 3, 2010). Because Bass's allegations that he is African American, the officers are white, and his stop and arrest were without justification are, without more,

9

insufficient to show that the officers' conduct was motivated by Bass's race, his section 51.7 claim is DISMISSED without prejudice.

### C.  Battery

Defendants argue that Bass's allegations that the officers shoved him and used overly tight handcuffs fail to state a plausible claim for battery.  California has adopted the Restatement definition of battery: "any intentional, unlawful, and harmful contact by one person with the person of another." *Munoz v. Union City*, 120 Cal. App. 4th 1077, 1102 (2004).  To prevail on a claim of battery against a police officer, a plaintiff must prove that the officer used unreasonable force.  *Id*.  Bass's battery claim is therefore governed by the Fourth Amendment's reasonableness standard, and rises or falls with his Fourth Amendment excessive force claim.  *Id.* at 1102 & n. 6.  Accordingly, Defendants' motion to dismiss Bass's battery claim is DENIED for the reasons given in the above consideration of Bass's Fourth Amendment excessive force claim.

### D.  Intentional Infliction of Emotional Distress

Defendants argue that Bass has failed to allege facts sufficient to support a claim of intentional infliction of emotional distress.  The elements of intentional infliction of emotional distress are "(1) outrageous conduct by the defendant; (2) intention to cause or reckless disregard of the probability of causing emotional distress; (3) severe emotional suffering; and (4) actual and proximate causation of the emotional distress." *Wong v. Tai Jing*, 189 Cal. App. 4th 1354, 1376 (2010) (internal quotation marks and citation omitted).  Here, the third element is not met.  The California Supreme Court has set a high bar for finding severe emotional suffering; the court has defined it as "emotional distress of such a substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it."  *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1004 (1993) (internal quotation marks and citation omitted); *see also Wong*, 189 Cal. App. 4th 1354, 1377 (2010) (allegations of emotional upset, lost sleep, stomach upset, and general anxiety were insufficient to state a claim).  Bass alleges that he "suffered severe emotional and mental distress, fear, terror, anxiety, humiliation, embarrassment, anger, indignity, loss of

10

freedom, [and] a sense of helplessness." Compl. at ¶ 16. This allegation is not sufficient to show that Bass's distress met the high bar set by the California Supreme Court. Accordingly, his intentional infliction of emotional distress claim is DISMISSED without prejudice.

### E. False Arrest

False arrest or false imprisonment under California law is "the unlawful violation of the personal liberty of another." Cal. Penal Code § 236. California peace officers may not be held civilly liable for false arrest if "[t]he arrest was lawful, or the peace officer, at the time of the arrest, had reasonable cause to believe the arrest was lawful." Cal. Penal Code § 847(b)(1). Defendants contend that Bass's arrest was supported by probable cause, and was therefore lawful. As discussed in the above consideration of Bass's Fourth Amendment false arrest claim, Bass has alleged facts sufficient to support a reasonable inference that his arrest was without probable cause. Accordingly, Defendants' motion is DENIED as to Bass's false arrest claim.

### F. Negligence by Arresting Officers

The elements of negligence under California law are: "(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." *Evan F. v. Hughson United Methodist Church*, 8 Cal. App. 4th 828, 834 (1992) (internal quotation marks and citation omitted). Defendants argue that Bass has insufficiently alleged that the officers had a legal duty to use different tactics or less force in arresting Bass. The determination whether the officers breached their duty to refrain from making unlawful arrests and using excessive force under California law is coterminous with the determination whether their actions were reasonable for Fourth Amendment purposes. *Hernandez v. City of Pomona*, 46 Cal. 4th 501, 513 (2009); *see also Robinson v. Solano County*, 278 F.3d 1007, 1016 (9th Cir. 2002) (en banc). Thus, for the same reasons that Bass has stated a claim under the Fourth Amendment, he has stated a California negligence claim against officers Macciola and Alberti. Defendants' motion is therefore DENIED with respect to his negligence claim against the officers.

### G. Direct Liability for Negligence Against Steckler

11

Under California Government Code section 820.8, a public employee may not be held individually liable based on a *respondeat superior* theory of liability; supervisors may, however, be held liable for injuries caused by their own acts or omissions.[2] Defendants argue that Bass has not stated a claim against Steckler under section 820.8 because he has not alleged facts showing that he suffered an injury that was caused by Steckler's own act or omission. Bass alleges that Steckler had been "given notice, on repeated occasions" of previous constitutional violations by Macciola and Alberti "consisting of the use of unnecessary and excessive force in arresting and post arrest scenarios, and false assertions of crimes in investigative reports, and/or infractions against minority citizens," that Steckler, despite this knowledge, failed "to take necessary[,] appropriate, or adequate measure to prevent the continued perpetration of this pattern of conduct." Compl. at ¶ 40. Bass also alleges that Steckler failed to adequately train the officers in "the necessity for having probable cause to detain, arrest, or charge a citizen" and that proper training would have prevented the harm that Bass allegedly suffered. Compl. at ¶ 42. These allegations are not based on Steckler's status as a supervisor, but rather on Steckler's independent acts or omissions, and are sufficient to support a claim that Bass's injury was caused by Steckler's negligence. *See Guzman v. County of Monterey*, 178 Cal. App. 4th 983 (2009). Accordingly, Defendants' motion to dismiss Bass's negligence claim against Steckler is DENIED.

**H. Vicarious Liability of City**

Defendants argue that Bass's claim that the City is vicariously liable under California Government Code section 815.2 should be dismissed because the City is only liable to the

---

[2] California Government Code § 820.8 provides,

> Except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person. Nothing in this section exonerates a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission.

12

extent that its employees are liable. Since several of Bass's claims have survived Defendants' motion, the Court will also permit Bass's claim for vicarious liability against the City to proceed.

## III. Request for Injunctive Relief

Defendants, citing *Los Angeles v. Lyons*, 461 U.S. 95 (1983), argue that Bass does not allege facts sufficient to show that he has standing to seek injunctive relief. Under *Lyons*, plaintiffs seeking injunctive relief must demonstrate a "real or immediate threat that they will be wronged again – a likelihood of substantial and immediate irreparable injury." 461 U.S. at 111 (internal quotation marks and citation omitted). Bass argues that he has standing to seek injunctive relief because he alleges a pattern and practice of unlawful police conduct. But Bass does not seek to represent a class of similarly situated individuals, and his complaint contains no factual allegations showing that the Fremont Police had previously subjected him to unlawful conduct. Under *Lyons*, the "conjectural or hypothetical" possibility that Bass will be wronged by Defendants in the future is insufficient to establish standing. *Id.* at 101-102 (internal quotation marks and citation omitted).

Bass attempts to distinguish *Lyons* on the ground that he has alleged a First Amendment retaliation claim; he argues that he has standing to seek an injunction because Defendants' conduct continues to chill his protected speech. Allegations showing a plaintiffs' continued intent to engage in protected speech and a governmental entity's continued efforts to chill such speech may establish a likelihood of future injury sufficient for standing. *See White v. Lee*, 277 F.3d 1214, 1242 (9th Cir. 2000). But Bass's complaint does not contain any such allegations. Accordingly, Bass's request for injunctive relief is DISMISSED without prejudice.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is GRANTED as to:

    1.    Bass's Second Claim, brought under California Civil Code section 51.7;

    2.    Bass's Fourth Claim, for intentional infliction of emotional distress;

13

3. Bass's Eighth Claim, brought under 42 U.S.C. § 1983, but only insofar as that claim is based on the Eighth Amendment, and on the Fourteenth Amendment's equal protection and substantive due process guarantees; and

4. Bass's Ninth Claim, for injunctive relief.

Dismissal is without prejudice, except with respect to Bass's Eighth Amendment and Fourteenth Amendment substantive due process claims, which are DISMISSED WITH PREJUDICE.

Defendants' motion is otherwise DENIED. Any amended complaint shall be filed on or before April 5, 2013.

**IT IS SO ORDERED.**

Dated: 03/07/2013

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT